59 F.3d 177
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco MEJIA-CENDEJAS, aka: Francisco Mejia Cendejas,
Defendant-Appellant.
 No. 94-50523.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 22, 1995.*
Decided June 28, 1995.
 
 Before: WALLACE, Chief Judge, FARRIS and KLEINFELD, Circuit Judges.
 
 MEMORANDUM
 
 1
 This case is back before us following our remand to the district court for the limited purpose of having that court determine whether the government's Rule 48(a) motion should have been granted. United States v. Mejia-Cendejas, No. 93-50191 (filed June 21, 1994) (memorandum disposition). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742.
 
 
 2
 In limited circumstances, "a district court under Rule 48(a) has discretion to deny a government's dismissal motion if that motion is prompted by considerations clearly contrary to the public interest ... or if the dismissal would contribute to prosecutorial harassment by subjecting a defendant to charging, dismissing and recharging." United States v. Wallace, 848 F.2d 1464, 1468 (9th Cir. 1988) (internal quotations omitted). "A fundamental consideration in assessing the propriety of a prosecutor's dismissal motion is whether the motion is made in 'good faith."' Id.
 
 
 3
 The district court did not abuse its discretion in granting the government's motion to dismiss the original indictment under Rule 48(a). The district court made an express finding that the government did not act in bad faith when it sought dismissal of the original indictment. That finding is not clearly erroneous. The government obtained the superseding indictment before Mejia-Cendejas pled guilty. The superseding indictment sought to add an element of the crime -- Mejia-Cendejas's prior felony conviction -- for purposes of 8 U.S.C. Sec. 1326(a), (b)(2). There is no proof that the government was seeking a tactical advantage or to harass, or was motivated by considerations clearly contrary to public interest.
 
 
 4
 AFFIRMED.
 
 
 5
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a) and Ninth Circuit Rule 34-4